## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL ECHEVARRIA and BEBI      :
HANIFF,                          :
                                 :
    Debtors and Plaintiffs on     :
    behalf of themselves and all  :
    others similarly situated,    :
                                 :      No. 7:17-cv-08026-VB
    v.                            :
                                 :
BANK OF AMERICA CORPORATION;     :
BANK OF AMERICA, NATIONAL        :
ASSOCIATION; and FIA CARD        :
SERVICES, N.A.,                  :
                                 :
    Defendants.                   :

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-14-18
```

## [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") dated October 11, 2017, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated August 24, 2017 (the "Agreement"). On October 11, 2017, the Bankruptcy Court granted preliminary approval to the proposed class action settlement set forth in the Agreement between Plaintiffs Michael Echevarria and Bebi Haniff ("Class Representatives"), on behalf of themselves and all members of the Class, and Bank of America, N.A. ("BANA"). The Bankruptcy Court also provisionally certified the Class for settlement purposes and approved the procedure for giving Class Notice to the members of the Settlement Class. This Court granted the Parties' Joint Motion to Withdraw the Bankruptcy Reference and set a Final Approval Hearing to take place on March 2, 2018 (see D.E. 6). This Court finds that the Class Notice substantially in the form approved by the Bankruptcy Court in the Preliminary Approval Order was given in the manner ordered by the Bankruptcy Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On March 2, 2018, this Court held a duly noticed Final Approval Hearing to consider, among other things: (1) whether to certify the Class for settlement purposes; (2) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (3) whether a judgment should be entered dismissing the Class Representatives' Released Claims on the merits and with prejudice; and (4) whether and in what amount to award attorneys' fees and expenses to Class Counsel for the Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.   **Definitions.**   This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2.   **Jurisdiction.**   This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

3.   **No Merits Determination.**   By entering this Order, the Court does not make any determination as to the merits of this case.

4.   **Settlement Class.**   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Class defined as those individual borrowers who (i) maintained a credit card account with BANA that was charged off by BANA and sold to a third party Debt Buyer on or after January 1, 2008, and (ii) were discharged in Chapter 7 bankruptcy after such debt was sold to a third party Debt Buyer but before October 1, 2015.  The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context:  (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable;  (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      **Designation of Class Representatives and Class Counsel.**  The Court confirms the prior appointments of the Plaintiffs Michael Echevarria and Bebi Haniff as Class Representatives, and the law firms of Boies Schiller & Flexner LLP and Charles Juntikka & Associates LLP as Class Counsel.

6.      **Settlement Approval.**  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Parties.  The Court further finds that the Settlement set forth in the Agreement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.  In addition, this Court has reviewed the objections that were submitted relating to this settlement and finds those objections to be without merit.

7.      **Credit Reporting.**  The Court further finds that insofar as BANA has directed the Credit Reporting Agencies to delete any BANA-reported tradelines with respect to the Discharged Credit Card Accounts (as those terms are defined in the Agreement), it has cured any violation of a discharge order or noncompliance with applicable law, including the Fair Credit Reporting Act, and that BANA's request was consistent with BANA's obligations, if any, to report on post-sale, bankruptcy-related information with respect to such accounts.  If in the future BANA sells Discharged Credit Card Accounts that are thereafter made subject to a bankruptcy discharge, and BANA requests the deletion of associated tradelines, as permitted under section 3 of the Agreement, including BANA's compliance with any Requirement, such request would be in compliance with applicable law, including the Fair Credit Reporting Act, and remove any obligation to report on post-sale, bankruptcy-related information with respect to such accounts.

8.      **Dismissal with Prejudice.**  Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice and without costs.  All claims in the Action are

dismissed, and the Action, the Echevarria Bankruptcy and the Haniff Bankruptcy shall be closed pursuant to Paragraph 23 of this Order.  Nothing herein is intended to waive or prejudice the rights of Class Members who have timely excluded themselves from the Class, as identified on Exhibit 1 hereto which this Court permits to be filed under seal

9. **Releases.**  The releases as set forth in Section 10 of the Agreement together with the definitions in Sections 1.1-1.60 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment.  The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Claims, Releasors, Releasees and Unknown Claims.  The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Releasees.

10. **Permanent Injunction.**  The Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not), either directly, representatively or in any other capacity, asserting any of the Released Claims (including Unknown Claims) against any of the Releasees.  The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

11.     **Approval of Class Notice.**  The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

12.     **Attorneys' Fees and Expenses.**  Any order entered regarding the Attorneys' Fees and Expenses application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.     **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants.  This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

14.     **Continuing Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Orders.

15.    **Termination of Settlement.**  In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

16.    **Implementation of the Agreement.**    The Parties are hereby authorized to implement the terms of the Agreement.

17.    **Claim Review and Deficiency Process.**  The Settlement Administrator shall validate each Claim Form as directed in Section 5 of the Agreement.  Full compliance with the requirements of the terms of the Agreement and the Claim Form shall be necessary for the submission of a valid Claim.  The Settlement Administrator shall have the authority to determine whether the submission of a Claim Form is complete and timely.  The Settlement Administrator's determinations in this regard shall be final and non-appealable.  Any Settlement Class Member whose claim is rejected shall be barred from receiving payment under the Settlement for that Claim Type 1 or 2 but shall in all other respects be bound by the terms of the Agreement and by this Order.  The Parties, however, have agreed and this Court has approved the following:  (1) the Settlement Administrator will not deny on the basis of timeliness any Claim Form that the Settlement Administrator received by March 2, 2018, notwithstanding the earlier deadline set forth the Settlement Agreement; (2) the Court will accept any Opt Out requests received by March 2, 2018, notwithstanding the earlier deadline set forth in the Settlement Agreement; (3) the Settlement Administrator shall not reject any Distribution Claim solely on the basis that a Class Member failed to submit a completed IRS Form W-9 with his or her Claim Form, notwithstanding that requirement is set forth in the Settlement Agreement, Class Notice, and Claim Form; and (4) the Settlement Administrator shall not reject any Distribution Claim solely on the basis that a Class

Member failed to check all of the boxes as instructed, provided that the Class Member signed and otherwise correctly completed the Claim Form. In addition, the parties have confirmed that the Settlement Administrator will accept any responses to a deficiency letter that it receives within 45 days of the mailing of the deficiency letter, as provided in Section 5.3 of the Settlement Agreement.

18.    **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19.    **CAFA Notice.** Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

20.    **Class Notice List.** No later than thirty (30) days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names and addresses of Class Members), a list of the names and addresses of all Members of the Class to whom the Class Notice was sent.

21.    **Preservation.** Upon the Effective Date, the Defendants shall have no obligation to preserve documents and evidence with respect to Released Claims for purposes of the Action, and the Class Representatives and Class Counsel may not pursue any spoliation claims or other actions or sanctions against Defendants with respect to documents or evidence related to the Released Claims.

22.    **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

23.    **Action Closed.** The Clerk of the Court is hereby directed to close the Action and to close the Echevarria and Haniff Bankruptcies.

IT IS SO ORDERED.

DATED: March 14, 2018

THE HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

REDACTED

